UNITED STATES DISTRIC COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
KAI HUNTE,

                              Plaintiff,                    Caso No. 1:25-cv-7425

   -against-

TRADITA JONE INC. d/b/a CKA KA QELLUE
and 116-118 E 31ST PARTNERS LLC,           **COMPLAINT AND DEMAND**
                                                                             **FOR JURY TRIAL**

                              Defendants
------------------------------------------------------------x

Plaintiff Kai Hunte (hereafter referred to as "plaintiff"), by counsel, Gabriel A. Levy, P.C., as and for the Complaint in this action against defendants Tradita Jone Inc. d/b/a Cka Ka Qellue and 116-118 E 31ST Partners LLC (together referred to as "defendants"), hereby alleges as follows:

## NATURE OF THE CLAIMS

1. This action challenges Defendants' unlawful and ongoing discrimination against individuals with disabilities. Plaintiff seeks declaratory, injunctive, and equitable relief, as well as monetary damages, attorneys' fees, and costs, for Defendants' violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181 et seq. ("ADA"), along with the New York State Executive Law § 296, New York State Civil Rights Law § 40, and the Administrative Code of the City of New York § 8-107.

2. Defendants own, lease, and operate a restaurant open to the public that fails to comply with accessibility requirements. They are responsible for the acts and omissions of their agents and employees. By disregarding well-established accessibility standards, Defendants made a business decision to treat disabled patrons as unworthy of equal access. This lawsuit seeks to hold Defendants accountable and to compel them to make their facility fully accessible so that Plaintiff can enjoy the same opportunities as non-disabled customers.

1

## JURISDICTION AND VENUE

3.  This Court has jurisdiction under 42 U.S.C. § 12188 and 28 U.S.C. §§ 1331 and 1343, as Plaintiff asserts federal claims arising under the Americans with Disabilities Act. The Court also has supplemental jurisdiction over Plaintiff's related state and city law claims pursuant to 28 U.S.C. § 1367(a).

4.  Venue is proper in this District under 28 U.S.C. § 1391(b), because the discriminatory conduct described in this Complaint occurred within this District and the public accommodation at issue is located here.

## PARTIES

5.  Plaintiff is and has been a resident of Queens County, New York. In 2010, he sustained a T4 spinal cord injury in a motorcycle accident that left him paralyzed from the mid-back down, with no use of his legs. He uses a manual wheelchair for mobility and travels independently in a car equipped with hand controls.

6.  Defendants own, lease, and operate the property located at 8 East 31st Street, New York, New York 10016 (the "Premises"), which is open to the public and constitutes a place of public accommodation under federal, state, and city law. Each Defendant is licensed to do business in New York State and does so.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

7.  Defendants are public accommodations under the ADA, the New York State Executive Law, and the New York City Administrative Code because they own, lease, control, or operate the Premises. The Premises itself is a place of public accommodation within the

meaning of these statutes, as it is operated by a private entity and its operations affect commerce.

8. The Premises contains architectural barriers that restrict or prevent access for Plaintiff, a wheelchair user. On information and belief, the facility was originally designed and constructed for occupancy after January 26, 1993. At various times after January 1992, Defendants made alterations to the property, including in and around the Premises.

9. Plaintiff is an active resident of New York City who regularly travels throughout the city, including to the neighborhood where the Premises is located. Although paralyzed from the waist down, Plaintiff remains mobile and independent, driving his car with hand controls to travel across the city. He frequently visits the area for social outings, shopping, and dining—just as any other New Yorker would.

10. On or about August 8, 2025, Plaintiff attempted to visit the Premises because of the restaurant's reputation for offering unique Armenian cuisine. He was particularly interested in trying a clay dish and dessert but was prevented from doing so. When he arrived, a step at the main entrance barred his entry, and there was no way to signal for assistance. Plaintiff felt humiliated and excluded by this encounter.

11. Despite this experience, Plaintiff wishes to return once the facility becomes accessible. The restaurant is less than an hour from his residence, and he is eager to patronize it once barriers are removed.

12. The Premises does not comply with the ADA Accessibility Guidelines, the 1991 Standards, or the 2010 Standards, as well as local building codes. As a result, Plaintiff has been denied equal, safe, and complete access to the facility.

13. Barriers encountered by Plaintiff, and which continue to deter him, include but

are not limited to:

A. **Inaccessible Entrance.** A step at the main entrance prevents wheelchair access, no ramp is provided, and no accessible means of egress exists. Required accessible routes from sidewalks and public transportation stops are not present.

B. **Inaccessible Interior Dining Tables.** The indoor dining area lacks compliant tables with required knee and toe clearance, and the minimum percentage of accessible tables is not provided.

C. **Inaccessible Signage.** Required signs designating the restrooms are missing.

D. **Inaccessible Restroom Mirror.** The mirror in the restroom is mounted higher than the maximum permitted height.

E. **Grab Bars Missing in Restroom.** The required grab bars on the side and rear walls of the water closet are absent.

14. These examples are not exhaustive. A full inspection of the Premises will reveal additional violations. Plaintiff provides notice of his intent to amend this Complaint after such an inspection to ensure that all barriers are catalogued and addressed.

15. Defendants have denied Plaintiff equal participation and enjoyment of their facility because of his disability. They have not adopted or implemented policies or practices ensuring compliance with disability rights laws, nor have they provided reasonable accommodations or modifications.

16. As a result, Plaintiff faces an ongoing, credible risk of discrimination. The barriers remain in place and continue to deter him, though he intends to return once accessibility is achieved.

## FIRST CAUSE OF ACTION

## (VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT)

17. Plaintiff repeats and incorporates the preceding allegations as if fully set forth herein.

18. Plaintiff has a disability within the meaning of the ADA, as he is substantially limited in the major life activities of walking and mobility, and uses a wheelchair for daily living.

19. The ADA imposes joint and several liability on both the property owner and the lessee of a public accommodation. Under 28 C.F.R. § 36.201(b), neither may shift or contract away responsibility, and both remain liable for compliance.

20. By failing to provide accessible facilities, Defendants subjected Plaintiff to disparate treatment and denied him the full and equal enjoyment of their premises. Their policies and practices also disproportionately burden individuals with disabilities.

21. Defendants discriminated against Plaintiff by constructing or maintaining a facility that is not accessible or usable, in violation of 42 U.S.C. § 12183(a)(1) and 28 C.F.R. § 36.401(a)(1).

22. The Premises fails to provide an integrated, equal experience for disabled patrons, contrary to 42 U.S.C. § 12182(b)(1)(A) and 28 C.F.R. § 36.203.

23. Following alterations made after January 1992, Defendants did not ensure the facility was accessible to the maximum extent feasible, in violation of 28 C.F.R. §§ 36.402 and 36.406. They also failed to make paths of travel to primary function areas accessible, as required by 28 C.F.R. § 36.403.

24. Defendants failed to comply with the 2010 ADA Standards for Accessible Design as mandated by 28 C.F.R. § 36.406.

25. Defendants also failed to remove barriers where doing so was readily achievable, violating 28 C.F.R. § 36.304 and 42 U.S.C. § 12182(b)(2)(A)(iv). In the alternative, they failed to provide reasonable alternatives to barrier removal as required under 28 C.F.R. § 36.305.

26. By maintaining inaccessible conditions, Defendants have engaged in a pattern and practice of disability discrimination, in violation of 42 U.S.C. § 12181 et seq. and 28 C.F.R. § 36.101 et seq.

27. Defendants continue to discriminate against Plaintiff by maintaining a public accommodation that remains inaccessible in violation of Title III of the ADA.

## SECOND CAUSE OF ACTION

### (VIOLATIONS OF THE NEW YORK STATE EXECUTIVE LAW)

28. Plaintiff repeats and incorporates the foregoing allegations as if fully set forth herein.

29. Plaintiff's spinal cord injury prevents the exercise of normal bodily functions, including walking and mobility. These conditions qualify as a disability under Executive Law § 296(21).

30. Defendants have subjected Plaintiff to unequal treatment by denying him the opportunity to use and enjoy their place of public accommodation because of his disability.

31. Defendants discriminated against Plaintiff in violation of Executive Law § 296(2) by operating and maintaining a facility that is inaccessible. Each Defendant has aided and abetted the other in committing this unlawful conduct.

32. Defendants failed to remove barriers where removal was readily achievable, in violation of Executive Law § 296(2)(c)(iii).

33. Alternatively, Defendants failed to provide reasonable alternatives to barrier

removal, in violation of Executive Law § 296(2)(c)(iv).

34. Bringing the Premises into compliance would be readily achievable and would not impose an undue hardship or burden on Defendants.

35. As a direct result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer humiliation, embarrassment, anxiety, and stress.

36. Plaintiff has sustained damages and will continue to sustain damages in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

**(VIOLATIONS OF THE ADMINISTRATIVE CODE OF THE CITY OF NEW YORK)**

37. Plaintiff repeats and incorporates the allegations above as if fully set forth herein.

38. Plaintiff's medical conditions substantially impair his mobility and qualify as a disability under Administrative Code § 8-102(16).

39. The Local Civil Rights Restoration Act of 2005 (Local Law 85) amended the Administrative Code to mandate a broad and remedial interpretation of the City's Human Rights Law. The Act rejects narrow readings tied to federal or state law and directs that the provisions be construed liberally to accomplish their broad purposes. See Restoration Act § 7, amending Administrative Code § 8-130.

40. Defendants have subjected Plaintiff to disparate treatment and disparate impact by refusing and denying him the accommodations, advantages, and privileges of their facility because of his disability, in violation of Administrative Code § 8-107(4). Each Defendant has aided and abetted the other in committing this discrimination.

41. Defendants discriminated against Plaintiff by designing, maintaining, and operating an inaccessible commercial facility, in violation of Administrative Code § 8-107(4)

7

and Local Law 58.

42. By failing to comply with longstanding accessibility requirements, Defendants have denied Plaintiff equal participation and enjoyment of their public accommodation.

43. As a direct result of this discrimination, Plaintiff has suffered humiliation, embarrassment, stress, and emotional harm, which continue today.

44. On information and belief, Defendants' refusal to bring their facility into compliance was deliberate, egregious, and undertaken in reckless disregard of Plaintiff's rights. Their willful conduct entitles Plaintiff to punitive damages under Administrative Code § 8-502.

45. Defendants have also profited unlawfully from operating a noncompliant facility, collecting revenue while avoiding the costs of compliance. Plaintiff seeks disgorgement of these unlawful profits together with interest.

46. Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

**(VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)**

47. Plaintiff repeats and incorporates the preceding allegations as if fully set forth herein.

48. Defendants discriminated against Plaintiff in violation of the New York State Executive Law.

49. Accordingly, Plaintiff is entitled to recover the statutory penalties prescribed by Civil Rights Law §§ 40-c and 40-d for each violation committed by Defendants.

**INJUNCTIVE RELIEF**

50. Plaintiff will continue to face discrimination so long as Defendants fail to remedy the violations described herein. Injunctive relief is necessary to compel Defendants to alter their facility and modify their operations, policies, and practices.

51. Such relief is required to ensure that the Premises becomes fully accessible and usable by Plaintiff in compliance with the ADA, the Executive Law, and the Administrative Code. It must also direct Defendants to provide auxiliary aids and services, adopt necessary policy changes, and implement alternative methods where appropriate.

**DECLARATORY RELIEF**

52. Plaintiff is entitled to a declaratory judgment concerning each of the accessibility violations committed by defendants against plaintiff and as to required alterations and modifications to defendants' place of public accommodation, facilities, goods and services, and to defendants' policies, practices, and procedures.

**ATTORNEY'S FEES, EXPENSES AND COSTS**

53. In order to enforce plaintiff's rights against the defendants, plaintiff has retained counsel and is entitled to recover attorney's fees, expenses and costs pursuant to the ADA and the Administrative Code. 42 U.S.C. §12205; 28 C.F.R. §36.505; and Administrative Code § 8-502.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff respectfully requests that the Court enter a judgment against the defendants, jointly and severally, in favor of plaintiff that contains the following relief:

i. Enter declaratory judgment declaring that defendants have violated the ADA and its implementing regulations, Executive Law and Administrative Code and

       declaring the rights of plaintiff as to defendants' place of public accommodation, and defendants' policies, practices and procedures;

ii. Issue a permanent injunction ordering **defendants to close and cease all business** until defendants remove all violations of the ADA, the 1991 Standards or the 2010 Standards, Executive Law and Administrative Code, including but not limited to the violations set forth above, or in the alternative, **ordering the defendants to provide a plan for compliance**;

iii. Retain jurisdiction over the defendants until the Court is satisfied that the defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

iv. Award of compensatory damages in an amount to be determined at trial;

v. Award plaintiff punitive damages in order to punish and deter the defendants for their violations of the Administrative Code of the City of New York;

vi. Award reasonable attorney's fees, costs and expenses pursuant to the Administrative Code;

vii. Find that plaintiff is a prevailing party in this litigation and award reasonable attorney's fees, costs and expenses pursuant to the ADA; and

viii. For such other and further relief, at law or in equity, to which plaintiff may be justly entitled.

Dated: September 8, 2025

    Manhasset, New York

                                                Respectfully submitted,

**GABRIEL A. LEVY, P.C.**
Attorney for Plaintiff
1129 Northern Blvd, Suite 404
Manhasset, NY 11030
(347) 941-4715

**By:** /s/ Gabriel A. Levy, Esq.
**GABRIEL A. LEVY, ESQ (5488655)**
Glevy@glpcfirm.com